UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH EDWARD GARDINER, #383334,  )
              Plaintiff,  )
                )  No. 2:21-cv-167
-v-  )
                )  Honorable Paul L. Maloney
CORIZON HEALTH, INC., *et al.*,  )
              Defendants.  )
                )

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Plaintiff Gardiner, a prisoner under the control of the Michigan Department of Corrections, alleges that Defendants violated his civil rights by failing to provide proper medical care. The parties filed three motions for summary judgment, all concerning proper exhaustion of administrative remedies. Defendants Corizon Health and Westcomb filed one motion (ECF No. 23). Defendants Bedient, Bergh, and Wright filed the second motion (ECF No. 30). Plaintiff filed the third motion (ECF No. 48).

The Magistrate Judge issued a report recommending the Court deny Plaintiff's motion and grant in part the two motions filed by defendants (ECF No. 58). The Magistrate Judge recommends dismissing Defendants Corizon Health, Bergh and Wright, but not Defendants Bedient or Westcomb. Plaintiff filed objections (ECF No. 59). Defendant Westcomb also filed objections (ECF No. 60). Defendants Bedient, Bergh and Wright did not file any objections. On February 6, 2023, Defendants Corizon Health and Westcomb filed a response to Plaintiff's objections (ECF No. 62).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has 14 days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). After being served with objections, a party has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

The Magistrate Judge found that Plaintiff filed only one grievance about the incident underlying the complaint (R&R at 12 PageID.346). Plaintiff identified the date of the incident as December 12, 2020 (ECF No. 31-3 PageID.145). MDOC rejected the grievance on the basis that Plaintiff failed to attempt to resolve the issues with staff (*id.* PageID.146). The Magistrate Judge concluded that Plaintiff identified only two defendants in the grievance, Bedient and Westcomb (R&R at 12 PageID.346). The Magistrate Judge found Plaintiff asserted in the grievance that Defendant Bedient failed to provide him with care and treatment for a knee problem and Defendant Westcomb failed to order an X-ray of the knee (*id.* at 13 PageID.347). The Magistrate Judge found a genuine issue of material fact existed whether Plaintiff attempted to resolve the issues with staff prior to filing the grievance (*id.* at 10 PageID.344).

A. Defendant Westcomb's Objections

Defendant Westcomb argues that the grievance does not allege any wrongdoing by Westcomb. The Court overrules the objection. First, viewing the grievance in the light most

favorable to Plaintiff, a genuine issue of material fact exists whether Plaintiff properly exhausted a claim against Westcomb for events on December 12. In the grievance, Plaintiff asserted he raised his medical situation with P.A. Westcomb as part of his attempt to resolve the issue, a lack of care on December 12. Reading the grievance in the light most favorable to Plaintiff, the Court can assume that Defendant Westcomb was part of the "staff" on December 12 that "had me return to my unit with my knee still out of place!" (PageID.145). Second, this is not the basis for failure to exhaust that Defendant raised in the motion for summary judgment.[1] Defendant cannot change her theory for the failure to exhaust in an objection.

B. Plaintiff's Objections

1. Plaintiff objects to the recommendation that the unnamed Defendants be dismissed. Plaintiff contends he did not have to name each defendant in the initial grievance. Plaintiff explains that he did not discover the names of the particular nurses on staff on December 12, Defendants Wright and Bergh, until after he filed the grievance. The Court will uphold Plaintiff's objection. Plaintiff's grievance put MDOC on notice of a claim against the nursing staff arising from alleged lack of health care services on December 12, 2020. Plaintiff indicates that he tried to resolve the issue "with the nurses and P.A. Westcomb." In the body of the grievance, Plaintiff also mentions Defendant Bedient by name. Read in total, the grievance included two names and provided sufficient context for the claims to put

---

[1] In the motion for summary judgment, Westcomb argued that the allegations in the complaint do not allege any wrongdoing by Westcomb on December 12, the day of the incident identified in the grievance. Defendant does not object on the basis that the R&R does not address the specific reason for summary judgment raised in her motion.

3

MDOC on notice. Federal district courts in Michigan have found that where the facts in the grievance give the MDOC sufficient information to identify the individual or individuals involved, the prisoner fulfills the purposes of exhaustion even though he or she failed to identify the official by name. *See McMurray v. Dunnigan*, No. 1:20cv847, 2021 WL 2875710, at *4 (W.D. Mich. June 7, 2021) (collecting cases) *adopted* 2021 WL 2962588 (W.D. Mich. July 8, 2021) (D.J. Maloney). The grievance here contained more than enough information for MDOC to be able to conduct an investigation even though the grievance did not necessarily identify the particular individuals who might later be sued. *See Jones v. Bock*, 549 U.S. 199, 219 (2007) ("The Sixth Circuit rule may promote early notice to those who might later be sued, but that has not been thought to be one of the leading purposes of the exhaustion requirement."). This first objection, however, does not provide any basis for this Court to find that he properly exhausted the claims against Corizon Health.

2. Plaintiff objects to the recommendation that Corizon Health be dismissed. Plaintiff contends grieving Corizon Health specifically would violate the MDOC's rule against duplicative grievances. The Court overrules Plaintiff's objection. The factual basis for Plaintiff's claim against Corizon Health (policy of refusing to fund medical tests) is different from his claim against the individual defendants (acts on December 12 constituting deliberate indifference). Viewing the grievance in the light most favorable to Plaintiff does not provide any basis for concluding that a genuine issue of material fact exists concerning the exhaustion of Plaintiff's claim against Corizon Health based on events that occurred on December 12.

3. Plaintiff introduces his third objection as "pertain[ing] to the Grievance Coordinator Lancour" (PageID.361-62). Plaintiff requests that Lancour be reinstated as a defendant. The Court overrules the third objection. The Magistrate Judge dismissed Lancour on February 24, 2022, following an initial review of the complaint. The R&R contains no recommendations for the dismissal of Lancour. Plaintiff cannot use his objections to the December 28, 2022, report and recommendation to object to an order issued some ten months earlier.

C. Response to Objections

Plaintiff's objections were received by the Clerk and placed on the Court's electronic docket on January 11, 2023. Defendants filed this response on February 6, 2023, well beyond the fourteen-day deadline provided in Rule 72(b)(2). The Court declines to consider any argument raised in the response.

[continued on next page]

For these reasons, the Court **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation (ECF No. 58). The Court (1) adopts the part of the R&R denying Defendant Westcomb's request for summary judgment; (2) adopts the part of the R&R granting Defendant Corizon Health's motion for summary judgment; (3) adopts the part of the R&R denying Defendant Bedient's motion for summary judgment; and (4) rejects the part of the R&R granting Defendant Bergh's and Defendant Wright's motion for summary judgment. Therefore, the Court **GRANTS IN PART AND DENIES IN PART** the motion for summary judgment filed by Defendants Corizon Health and Westcomb (ECF No. 23). The Court also **DENIES** the motion for summary judgment filed by Defendants Bedient, Bergh and Wright (ECF No. 30). The Court **DENIES** Plaintiff's motion for summary judgment (ECF No. 48). The Court DISMISSES Defendant Corizon Health. **IT IS SO ORDERED.**

Date:   February 7, 2023                                       /s/  Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    United States District Judge