UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| KEITH EDWARD GARDINER, #383334,  )<br>Plaintiff, )<br>)<br>-v- )<br>)<br>UNKNOWN BEDIENT, *et al.*, )<br>Defendants. )<br>) | No. 2:21-cv-167<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Gardiner, a state prisoner, filed this lawsuit alleging violations of his civil rights. The remaining defendants filed two motions for summary judgment (ECF No. 137—Bedient, Bergh and Wright; ECF No. 140—Westcomb). The Magistrate Judge issued a report recommending the Court grant the two motions (ECF No. 149). Plaintiff filed objections. The Court will adopt the report and recommendation.

A.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

B.

1. ECF No. 137 – Bedient, Bergh and Wright

The Magistrate Judge identified the interactions each of the three registered nurses (RN) had with Plaintiff and summarized the facts alleged in the complaint and the medical records relevant to each interaction. The Magistrate Judge concluded that Plaintiff did not have sufficient evidence to show a genuine issue of material fact for either the objective or the subjective element of an Eighth Amendment claim.

Plaintiff objects specifically to the interaction that occurred on December 12, 2020. The medical records establish that Defendant Wright saw Plaintiff on that day (ECF No. 138-2 PageID.701-03). Plaintiff contends Defendant Bergh was also present (ECF No. 146 PageID.1156). Plaintiff does not contend that he interacted with Defendant Bedient on December 12.

The Court overrules Plaintiff's objection. Viewing Plaintiff's subjective statements about his condition in the light most favorable to him—his knee was locked up and he experienced substantial pain—likely establishes the objective prong of an Eighth Amendment claim. The record does not contain sufficient evidence to support the subjective prong of an Eighth Amendment claim. Being aware of Plaintiff's condition and his pain level does not require the conclusion that Wright and Bergh's actions and decision amounted to deliberate indifference. Plaintiff's medical records include his statements to medical personnel that his knee condition is a recurring problem and that he is eventually able to unlock the knee and move again (ECF No. 138-2 PageID.698, PageID.705, PageID.707).

Other evidence in the record further undermines Plaintiff's attempt to show the subjective prong. Plaintiff insists that Defendants did not examine him because they stood three to five feet away. The record establishes that some sort of examination did occur. Wright submitted an affidavit describing her observations of Plaintiff's leg and knee. Plaintiff has not demonstrated that the situation demanded a more thorough examination. Plaintiff arrived in a wheelchair but managed to stand on his own and move to the examination table without assistance. Wright did not see any swelling or bruising. Wright saw that Plaintiff had a reduced range of motion and could not fully extend his knee. Wright's observations weigh substantially against concluding that she had the required subjective intent for an Eighth Amendment claim.

Plaintiff also insists that Defendant did not provide any treatment whatsoever. Again, the record undermines Defendant's assertion. Defendant Wright scheduled Plaintiff for an appointment with the physician assistant. Wright instructed Plaintiff to rest, use a combination of warm and cold compresses, and to take pain medication as needed. Plaintiff complains that Wright did not give him a cold compress or pain medication. Plaintiff's medical records include previous instructions by medical personnel for Plaintiff to purchase pain medication from the prison store for use as necessary for his knee issues (ECF No. 138-2 PageID.708). The record contains no evidence that either Wright or Bergh could authorize prescription medication. And, nothing in the record supports the conclusion that Defendants should have sent Plaintiff to the hospital. Plaintiff's knee condition, while painful, was not life threatening. Plaintiff has not put into the record any evidence to support

an inference that without different treatment on December 12 the situation risked permanent injury. The evidence in the record does not support a constitutional violation.

## 2. ECF No. 140 — Westcomb

The Magistrate Judge identified the dates on which Defendant Westcomb interacted with Plaintiff. The Magistrate Judge summarized each interaction using references to Plaintiff's allegations, the medical records, and Westcomb's affidavit. The Magistrate Judge concluded that Plaintiff had not established a genuine issue of material fact for the subjective component of an Eighth Amendment claim.

Plaintiff objects. Plaintiff disagrees with the manner in which the Magistrate Judge interprets the evidence in the record. Plaintiff insists that Westcomb failed to provide appropriate treatment in light of Westcomb's knowledge of Plaintiff's serious medical condition.

The Court overrules Plaintiff's objection. Without dispute, Westcomb provided medical treatment for Plaintiff's knee condition over several years. The record does not support Plaintiff's inference that Westcomb's decisions about the course of treatment establishes the subjective component of an Eighth Amendment claim. Plaintiff first raises concerns about x-rays. Plaintiff's medical records shows that Westcomb did order a routine (nonemergency) x-ray as part of the August 2020 appointment (ECF No. 141-3 PageID.828-29). Restrictions at the prison put in place shortly thereafter due to the COVID-19 pandemic prevented any on-site x-rays so Plaintiff did not have any x-rays by the time he met Westcomb again in September (ECF No. 141-2 PageID.820). Westcomb's decision not to order x-rays offsite does not support the subjective prong because she did not view the situation as

4

"urgent" (*id.* and PageID.821). When Plaintiff reinjured his knee in December 2020, Westcomb requested an off-site x-ray because she now viewed the knee situation as urgent (*id.* PageID.821). Westcomb's different conclusion occurred because the circumstances changed. The x-ray came back normal.

Plaintiff also complains about MRIs. Westcomb submitted a request for a routine (nonemergency) MRI in December 2020 because she suspected a meniscal tear (ECF No. 141-2 PageID.821). The request was denied and the reviewer recommended a conservative course of treatment (ECF No. 141-3 PageID.849; 150-2 PageID.1228). Plaintiff notes that the reviewer for the MRI request stated that an MRI would be necessary only if surgery was a consideration (*id.*). Plaintiff then finds fault with Westcomb for not pushing surgery. Again, Plaintiff merely disagrees with the suggestion Westcomb received and disagrees with the medical treatment Westcomb selected. The evidence does not establish the subjective element.

Plaintiff reinjured his knee in September 2022. Westcomb submitted another request for an MRI, which was approved in November. Based on the results, Westcomb made a request for a surgical consult (ECF No. 141-2 PageID.823). This evidence tends to support the conclusion that Westcomb did not have the authority to order surgery. The request for a consult was approved, the orthopedic consultant recommended surgery and Westcomb made a request for surgery, which was also approved (*id.* at 823-24).

On this record, Westcomb provided medical treatment and care to Plaintiff for his knee injury. This record does not establish deliberate indifference. The Sixth Circuit has held that medical treatment violates the Eight Amendment only when it is "so grossly

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). This record shows that Plaintiff disagrees with Westcomb's medical judgments about the course of treatment. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Id.* (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Put another way, when a prisoner has received medical treatment, disputes about whether the treatment was proper or sufficient generally will not provide a basis for a constitutional violation. "The Court may infer deliberate indifference 'only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not actually base the decision on such a judgment.'" *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)).

For these reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 149). The Court **GRANTS** Defendants' motions for summary judgment (ECF Nos. 137 and 140). **IT IS SO ORDERED.**

Date:   July 12, 2024                                          /s/  Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge